## John Hagenberger *v.* John Wild.

Where the claim for damages is fictitious, and made for the purpose of giving the Supreme Court jurisdiction, the appeal will be dismissed.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Schmidt*, for plaintiff and appellant. *Collins*, for defendant.

Voorhies, J. In this case, the plaintiff sought the nullity of a judgment rendered against him in favor of the defendant, for the sum of $170 10, on the ground that it had been obtained through fraud; and,.moreover, prayed for $350 damages for the illegal proceedings thereon, and for an injunction, which was granted.

The District Court gave judgment in favor of the defendant, dismissing the plaintiff's demand on the injunction, and the latter appealed.

The dismissal of the appeal is prayed for on several grounds. But it is necessary to notice only one of them, which we deem sufficient—that to the jurisdiction of this Court. The matter in dispute as to the nullity of the judgment, does not exceed the sum of $300. It is clear that this Court would not have jurisdiction of that alone. From the nature of the matter in litigation, and the absence of any allegation or proof of specific damages, we are satisfied that the claim for damages is fictitious, and made for the purpose of giving jurisdiction to this Court. It has been repeatedly held, that such a claim cannot give jurisdiction to this Court. In the case of the *R. R. Company* v. *Williams*, 16 L. R. 182, *Judge Morphy*, as the organ of the Court, remarked: "We readily avail ourselves of this opportunity, which has appeared to us a fit one for the purpose of declaring that we are by no means disposed to suffer fictitious and imaginary claims to be tacked on a real one, for the sole purpose of bringing up suits before this Court, in violation of the Constitution, and in derogation to the respect due to the Courts of justice." See also the case in 17th L. R. 104.

It is therefore ordered, adjudged and decreed that the appeal be dismissed at the appellant's costs.